```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

MICHAEL CHESSER,                §
                                §
    Plaintiff,                §
                                §
vs.                             §    C.A. NO. C-06-130
                                §
CITY OF CORPUS CHRISTI, et al,  §
                                §
    Defendants.               §

## ORDER DENYING DEFENDANTS' MOTION TO LIMIT DISCOVERY

On this day came on to be considered Defendant Victor Valdez and Don Conchola's Motion to Limit Discovery. (D.E. 16.) For the reasons discussed below, Defendants' motion is DENIED.

### I.  JURISDICTION

This Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### II. BACKGROUND

On March 23, 2006, Plaintiff Michael Chesser ("Plaintiff") filed suit in this Court against the City of Corpus Christi, as well as Corpus Christi Police Officers Don Conchola and Victor Valdez, alleging violations of his Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, for excessive force and wrongful arrest. (Pl.'s Complaint ("Compl.") at ¶¶ 22-25.) Plaintiff also asserted state law claims of false arrest and imprisonment, intentional infliction of emotional distress, assault, battery, and malicious prosecution. (Compl. at ¶¶ 31-40.) The following facts

are alleged in Plaintiff's Complaint:

On March 26, 2005, Plaintiff was in his apartment when Defendants Don Conchola and Victor Valdez ("the officers") knocked at his back door. (Compl. at ¶¶ 7-8.) When Plaintiff answered the door, the officers asked Plaintiff to give them the keys to a vehicle that Plaintiff had recently purchased with his then-girlfriend, Laura Tellez ("Tellez"). (Compl. at ¶¶ 7-8.) The officers informed Plaintiff they wanted the keys so that they could turn them over to Tellez, who was waiting downstairs. (Compl. at ¶¶ 8-9.) Plaintiff, however, refused to hand-over the keys and informed the officers that he believed possession of the keys was a civil matter for the courts. (Compl. at ¶ 8.) Plaintiff also asked the officers to leave his property. (Compl. at ¶ 8.)

The officers, however, refused to leave the premises and continued to insist that Plaintiff relinquish the car keys. (Compl. at ¶ 8.) Plaintiff then attempted to walk down the apartment stairs to speak with Tellez about the situation. (Compl. at ¶ 9.) The officers, however, would not allow Plaintiff to speak with Tellez, prompting Plaintiff to reply "to hell with you, leave." (Compl. at ¶ 9.) Plaintiff claims that Officer Valdez responded to this remark by grabbing him from behind and attempting to slam him face down onto the ground. (Compl. at ¶ 10.) Instead, however, Officer Valdez accidentally pushed Plaintiff into Officer Conchola, causing Officer Conchola to fall into a wooden fence. (Compl. at ¶ 10.) The officers then jointly grabbed Plaintiff,

slammed him up against the wall, and proceeded to use pepper spray on him. (Compl. at ¶ 10.) After being subdued, Plaintiff was placed in handcuffs and transported to the jail, where he claims he spent the next four months. (Compl. at ¶ 11.) Plaintiff was subsequently tried on charges of resisting arrest, and found not-guilty by a jury. (Compl. at ¶ 11.) Plaintiff claims he suffered abrasions to his hand and bruises to his head as a result of the officers' use of force against him. (Compl. at ¶ 12.)

On May 8, 2006, Defendants Victor Valdez and Don Conchola filed a "Motion to Limit Discovery" with their answer to Plaintiff's Complaint. (D.E. 16.) In this motion, Defendants claimed that they were entitled to qualified immunity and requested that "discovery be stayed or limited to issues relating to qualified immunity . . . until Plaintiff overcomes Defendants' immunity from suit." (D.E. 16 at ¶ 4.1.)

### III. DISCUSSION

A "party asserting the defense of qualified immunity is not immune from all discovery, only that which is avoidable or overly broad." Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 (5th Cir. 1995). When a defendant asserts the defense of qualified immunity in his answer, the plaintiff is not entitled to discovery unless "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Id. (citing Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987)).

As the Fifth Circuit noted, the "district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995); Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998) ("[e]ven limited discovery on the issue of qualified immunity must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity").

In order for a plaintiff's pleadings to overcome the defense of qualified immunity, the plaintiff "must allege facts that, if proven, would demonstrate that [the defendants] violated clearly established statutory or constitutional rights." Wicks, 41 F.3d at 994-95.  The plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).  The plaintiff cannot rely on solely on conclusory allegations. Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996). Rather, the plaintiff's compliant must "allege specific conduct giving rise to a constitutional violation." Anderson, 184 F.3d at 1434; see also Jackson, 99 F.3d at 716 (stating that constitutional violations must be pled with "factual detail and particularity").

-4-

In other words, a plaintiff must "allege[] with particularity all material facts on which [he] contends [he] will establish [his] right to recovery . . . includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained." Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997).

In this case, the Court finds that Plaintiff has alleged facts sufficient to overcome the officers' defense of qualified immunity. First, Plaintiff alleged that the officers attempted to slam him face-first into the ground, shoved him against a wall, and pepper-sprayed him without any provocation. (Compl. at ¶¶ 9-10.) Such actions, if true, would constitute an objectively unreasonable violation of Plaintiff's rights under the Fourth Amendment. See, e.g., Linbrugger v. Abercia, 363 F.3d 537, 544 (5th Cir. 2004) (stating that a "use of force that [i]s clearly excessive to the need [for force]" violates the Fourth Amendment); see also Peterson v. Peshoff, 2000 WL 729077 at *2 (5th Cir. 2000) (unpublished) (a plaintiff's assertion "that correctional officers used excessive force by . . . spraying him with mace without provocation" states a constitutional claim). Second, Plaintiff alleged that the officers arrested him even though Plaintiff had not done anything that would lead a reasonable person to believe that he had committed an offense. (Compl. at ¶¶ 7-12, 30.) An officer who arrests a person without probable cause violates the Fourth Amendment. See Flores v. City of Palacios, 381 F.3d 391, 402 (5th Cir. 2004) (Under the Fourth Amendment, an "arrest is unlawful

unless it is supported by . . . [facts] sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense"). Therefore, Plaintiff has pled facts sufficient to overcome the officers' defense of qualified immunity on his § 1983 excessive force and false arrest claims. Because Plaintiff has met his burden on the pleadings, the Court DENIES Defendants' Motion to Limit Discovery.

**IV.  CONCLUSION**

For the reasons stated above, the Court DENIES Defendants' Motion to Limit Discovery (D.E. 16).

SIGNED and ENTERED this 18th day of September, 2006.

_____
Janis Graham Jack
United States District Judge